UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOROTHY L. EDWARDS<br>on behalf of Orlando J. Edwards,<br><br>    **Plaintiff,**<br><br>v.<br><br>SHARON SHAW,<br>OPEN WORLD APARTMENTS,<br>CHARLENE BALLARD,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   Case No. 10-CV-0190-CVE-TLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Now before the Court are plaintiff's Complaint (Dkt. # 1) and Motion for Leave to Proceed in Forma Pauperis and Supporting Affidavit (Dkt. # 2). Plaintiff, appearing pro se, alleges that defendants discriminated against her son, Orlando J. Edwards, by refusing to rent an apartment to him after discovering that Orlando had mental health challenges. Dkt. # 1, at 1-2.

A.   Motion to Proceed in Forma Pauperis

In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis and supporting affidavit (Dkt. # 2), the Court finds that the motion should be granted. Plaintiff is entitled to file and maintain this action to conclusion without prepayment of fees and costs.

B.   Complaint

A district court may dismiss an action filed in forma pauperis if, at any time, the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). A pro se litigant's pleadings are to be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).

A complaint is subject to dismissal if it provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 555-56; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10.

Plaintiff seeks to bring a discrimination claim on her son's behalf. Plaintiff does not allege that defendants discriminated against her in any way, or that she was damaged by the alleged discrimination against Orlando. Dkt. # 1, at 4. A pro se plaintiff may bring claims on her own behalf, but may not represent others. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or

by counsel"). This would be true even if Orlando were a minor child, see Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("[w]e hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney); see also Harrison v. Gilbert, 259 Fed. App'x. 161, 162 (10th Cir. 2007) (unpublished)[1] ("[n]either Mr. Harrison nor Christina Harrison, acting pro se, can represent the interests of their minor children"), or incompetent, see Mann v. Boatright, 477 F.3d 1140, 1150 (10th Cir. 2007) ("[i]t goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys") (quoting Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59, 61 (2nd Cir. 1990)). Plaintiff cannot bring claims pro se on her son's behalf.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint (Dkt. # 1) is **dismissed**. A separate judgment is entered herewith.

**DATED** this 1st day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

3